Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Sarah L. Dawley, SBN 325897
sdawley@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Avenue, Suite A
South Pasadena, CA. 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

Michael Seplow, SBN 150183
mseplow@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
11543 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 396-0731
Facsimile: (310) 399-7040

Attorneys for Plaintiff Matthew Ferrer,
and other similarly situated individuals

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FERRER, on behalf of himself and all other similarly-situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> CAPAY INCORPORATED (dba FARM FRESH), a California corporation, and THE WOLF LOGISTICS LLC, and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:20-CV-9361 <br><br> <u>CLASS ACTION</u> <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. §§ 201 et. seq) <br><br> 2. FAILURE TO PAY OVERTIME (Cal. Lab. Code §§ 510 & 1194; 8 Cal. Code Regs. § 11050, ¶ 3); <br><br> 3. FAILURE TO PAY AT LEAST MINIMUM WAGE FOR ALL HOURS WORKED (Cal. Lab. Code §§ 223, 1194, 1194.2 & 1197; 8 Cal. Code Regs. § 11050, ¶ 4); <br><br> 4. FAILURE TO PAY WAGES FOR |

MISSED MEAL PERIODS (Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11050, ¶ 11);

5. FAILURE TO PAY WAGES FOR MISSED REST PERIODS (Cal. Lab. Code §§ 226.7; 8 Cal. Code Regs. § 11050, ¶ 12);

6. FAILURE TO KEEP AND FURNISH ACCURATE WAGES STATEMENTS (Cal. Lab. Code § 226);

7. WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 202 & 203);

8. UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§ 17200 et seq.);

**DEMAND FOR JURY TRIAL**

## **NATURE OF ACTION**

1. This is a class action brought against Defendants CAPAY INCORPORATED (dba Farm Fresh To You) (hereinafter, "FARM FRESH"), a California corporation, THE WOLF LOGISTICS LLC, and DOES 1 through 10 inclusive (collectively, "DEFENDANTS"), under the California Labor Code, the applicable Wage Order of the California Industrial Welfare Commission, the California Business and Professions Code (sections 17200 *et seq.*), and other statutes and regulations applicable to non-exempt employees in the State of California.

2. This action arises out of DEFENDANTS' failure and/or refusals to provide PLAINTIFF MATTHEW FERRER ("PLAINTIFF"), and other similarly-situated former and current non-exempt employees of DEFENDANTS: (i) their proper overtime compensation for all work in excess of 8 hours per day; (ii) the minimum-wage compensation required by California law for each hour worked; (iii) the uninterrupted, duty-free meal and rest periods required by California law; (iv) the premium wages earned by employees for each day an employee was unable to take a meal period mandated by California law; and (v) the premium wages earned by employees for each day an employee was unable to take a rest period mandated by California law.

3. Instead, DEFENDANTS have taken the aforesaid wages owed to PLAINTIFF, and other non-exempt employees of DEFENDANTS, and unlawfully converted the funds for DEFENDANTS' own use and benefit, in order to maximize profits and gain an unfair business advantage over DEFENDANTS' competitors at the expense of DEFENDANTS' own employees.

4. DEFENDANTS' wage-and-hour policies, as described herein, violate multiple provisions of the California Labor Code, including sections 201, 202, 223, 226, 226.7, 510, 512 and 1197, as well as paragraphs 3, 4, 7, 11 and 12 of Wage Order 5-2001 of the California Industrial Welfare Commission.

5.     PLAINTIFF now bring this class action, on behalf of himself and other similarly-situated former and current employees of DEFENDANTS, to recover the unpaid compensation owed to PLAINTIFF and the other employees by DEFENDANTS, as well as all applicable statutory penalties arising from DEFENDANTS' repeated violations of the California Labor Code.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brough under the Fair Labor Standards Act. 29 U.S.C. §§201 et seq. The representative Plaintiff has signed a consent form to join this lawsuit attached hereto as **"Exhibit A."** This Court has original jurisdiction over all the state and federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because, upon information and believe the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## THE PARTIES

8.     Plaintiff Matthew Ferrer (hereinafter, "FERRER") is, and at all relevant times was, a competent adult residing in Los Angeles County in the State of California.

9.     Defendant Capay Incorporated, dba FARM FRESH is a California Corporation doing business in the State of California.

10.     Defendant THE WOLF LOGISTIC LLC (hereinafter "WOLF"), is a Washington Limited Liability Company doing business in California.

11.     PLAINTIFF is currently unaware of the true names and capacities of the Defendants sued in this action by the fictitious names DOES 1 through 10,

1  inclusive, and therefore sue those DEFENDANTS by fictitious names.
2  PLAINTIFF shall seek leave to amend this Complaint to allege the true names and
3  capacities of such fictitiously named DEFENDANTS when they are ascertained.

4      12.   PLAINTIFF is informed and believes, and based thereon alleges, that
5  each Defendant sued in this action act and acted, in all respects pertinent to this
6  action, as the agent of the other defendants, carried out a joint scheme, business
7  plan or policy in all respects pertinent hereto, and that the acts of each Defendant
8  are legally attributable to the other DEFENDANTS.

9      13.   PLAINTIFF is informed and believes, and based thereon alleges, that
10 each Defendant sued in this action, including each Defendant sued by the
11 fictitious names DOES 1 through 10, inclusive, is directly or indirectly
12 responsible in some manner for the occurrences, controversies and damages
13 alleged herein, in various capacities, including but not limited to serving as joint
14 employer, joint tortfeasor or *alter ego* of the other DEFENDANTS. Each
15 Defendant approved or ratified the acts of all other Defendants.

16              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

17     14.   FARM FRESH is a farm produce and product delivery service whose
18 workers deliver previously selected boxes of goods to the homes of its customers.

19     15.   FARM FRESH's website boasts that "Delivery to your door is
20 included!" It advertises that it offers to "bring the seasons best mix of 100%
21 certified-organic produce and hand-crafted farm products conveniently to your
22 door . . ."  and "[s]kip your delivery or change frequency to fit your schedule or
23 vacations." This delivery service can be scheduled through the FARM FRESH
24 website.

25     16.   WOLF is a delivery company whose drivers deliver previously
26 selected boxes of goods to the homes of FARM FRESH customers.

27     17.   PLAINTIFF had a putative contract with WOLF. Under the putative
28 contract, he was improperly classified as an "independent contractor." Although

classified as an independent contractor, drivers like PLAINTIFF were actually employees. DEFENDANTS are in the business of providing grocery delivery services to customer, and this is the very service its drivers provide. The drivers' services are integrated into DEFENDANTS' business and without the drivers, DEFENDANTS' business would be severely limited to non-existent. On April 30, 2018, the California Supreme Court issued its decision in *Dynamex operations W. v. Superior Court* (2018) 4 Cal.5th 903, *reh'g denied* (June 20, 2018)), which makes clear that PLAINTIFF and other drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour status like the ones at issue here. Under the "ABC" test adopted in *Dynamex*, in order to justify classifying the drivers as independent contractors, DEFENDANTS would have to prove that their drivers perform services outside their usual course of business, which they cannot do. Notwithstanding this decision, DEFENDANTS have willfully continued to misclassify their drivers as independent contractors. *Dynamex* was later codified into law by the California Legislature. 2019 California Assembly Bill No. 5, California 2019-2020 Regular Session.

18. PLAINTIFF was assigned work without input and was not permitted to choose how to complete his job. PLAINTIFF was assigned to specific "hubs" with no control over how hub assignments were distributed. PLAINTIFF was prevented from exercising control over his day-to-day operations. PLAINTIFF could not choose the hours or days he worked. PLAINTIFF worked between 12-20 hours each day. On occasion, DEFENDANTS required PLAINTIFF to work up to 24 hours. PLAINTIFF was threatened with termination if he refused to complete a delivery that PLAINTIFF deemed too dangerous.

19. At all relevant times, DEFENDANTS have been employers and/or joint employers of PLAINTIFF. The employment of PLAINTIFF and other drivers by WOLF is not complete disassociated from employment by FARM

FRESH.

20.     DEFENDANTS do not act entirely independent of each other. FARM FRESH maintains significant control over the work performed by the drivers. FARM FRESH plays a significant role in establishing maintaining, and directly work-related policies that have been applied to PLAINTIFF and other drivers. FARM FRESH benefits financially from the work that PLAINTIFF and other drivers perform. Additionally, DEFENDANTS have acted directly and/or indirectly in their joint interest in relation to supervision over, and control of, PLAINTIFF and other drivers. As employer and/or joint employers of PLAINTIFF and other drivers, DEFENDANTS are responsible both individually and jointly for compliance with all applicable provision of the California Labor Code.

21.     WOLF supervisors told PLAINTIFF to direct any complaints or questions about work to the FARM FRESH employed supervisors. PLAINTIFF was engaged in the same work as FARM FRESH employed drivers. PLAINTIFF reported to FARM FRESH employed supervisors each day. PLAINTIFF is informed and believes, and thereon alleges, that FARM FRESSH provided WOLF with work that was then assigned to PLAINTIFF.

22.     From approximately October 2019 through March 2020, FERRER worked as a driver for FARM FRESH at the Vernon, California delivery hub. Around or about March 2020, FERRER was transferred to the Yorba Linda hub. FERRER continued to work at the Yorba Linda Hub until he was terminated on April 9, 2020.

23.     FERRER was misclassified as an Independent Contractor throughout said employment.

24.     Throughout the time relevant to this action, DEFENDANTS maintained a policy and/or practice under which they systemically failed to provide their former and current misclassified drivers, including PLAINTIFF,

1   with all earned overtimes wages for work beyond 8 hours in a day.

2       25.    DEFENDANTS' policy and/or practice of scheduling drivers with

3   overtime coupled with excessive workloads, resulted in a regular practice whereby

4   the misclassified drivers, including PLAINTIFF, routinely worked between 12 to

5   20 hours per shift.

6   **CLASS ACTION ALLEGATIONS**

7       26.    This action may be properly maintained as a class action pursuant to

8   the provisions of Rule 23 of the Federal Rules of Civil Procedure.

9       27.    PLAINTIFF brings this suit as a class action on behalf of themselves

10   and of the class of individuals that are defined as follows: all individuals who

11   worked for DEFENDANTS in California misclassified as an Independent

12   Contractor, and worked at any time from the 4-year period preceding the filing of

13   this Complaint through the present (hereafter, collectively referred to as "Class

14   Members");

15       28.    PLAINTIFF further seeks to establish one subclass, the Labor Code

16   Section 203 Subclass, which is defined as all Class Members who worked during

17   the relevant time period who are no longer employed by DEFENDANTS.

18       29.    The Class Members are so numerous that joinder of each individual

19   member would be impracticable, and the disposition of their claims in a class

20   action, rather than in numerous individual actions, will benefit the parties, the

21   Court, and the interests of justice.

22       30.    Although the exact number of Class Members is unknown to

23   PLAINTIFF at this time, and as such, must be ascertained through discovery,

24   PLAINTIFF are informed and believe, and based thereon allege, that there are

25   approximately more than 200 members of the proposed class throughout the State

26   of California. The Class Members other than PLAINTIFF are readily

27   ascertainable by their job positions and duties, and from the books and records

28   maintained by DEFENDANTS in their regular course of business.

1     31.    There is a well-defined community of interest amongst the Class

2  Members, as all of these individuals have resided and worked in California, and

3  have been similarly subjected to unlawful policies and/or practices that deprived

4  them of earned overtime wages; minimum-wage compensation; mandated meal

5  and rest periods; the premium wages earned for missed meal and rest periods;

6  accurate, itemized wage statements reflecting all earned wages; and timely

7  payment of all earned wages.

8     32.    Common questions of law and fact that affect the class predominate

9  over questions that affect only individual Class Members, including, among other

10  things:

11            a.    Whether DEFENDANTS maintained a policy and/or practice

12                  whereby DEFENDANTS routinely misclassified Class

13                  Members as Independent Contracts instead of non-exempt

14                  employees

15            b.    Whether DEFENDANTS maintained a policy and/or practice

16                  whereby DEFENDANTS routinely failed to pay Class

17                  Members earned overtime compensation, resulting in

18                  violations of the overtime provisions of the California Labor

19                  Code and Wage Order 5-2001;

20            c.    Whether DEFENDANTS maintained a policy and/or practice

21                  whereby DEFENDANTS routinely failed to pay Class

22                   Members at least the legally-mandated minimum wage for all

23                  hours worked, resulting in violations of the minimum-wage

24                  requirements of the California Labor Code and Wage Order 5-

25                  2001;

26            d.    Whether DEFENDANTS maintained a policy and/or practice

27                  of refusing or failing to provide Class Members the meal

28                  periods mandated under California law;

e.   Whether DEFENDANTS maintained a policy and/or practice of refusing or failing to authorize or permit employees to take all rest periods mandated by California law;

f.   Whether DEFENDANTS maintained a policy or practice of refusing or failing to pay Class Members the premium wages owed to them for each work shift during which they were denied a mandated meal or rest period, in violation of California Labor Code section 226.7 and Wage Order 5-2001;

g.   Whether DEFENDANTS maintained a policy or practice of failing to pay all wages owed to Class Members, including all overtime, minimum-wage and missed-break compensation, within the time limits prescribed by the California Labor Code; and

h.   Whether DEFENDANTS maintained a policy or practice of failing to maintain and/or furnish accurate, itemized wage statements properly reflecting, *inter alia*, all Class Members' earned wages, all hours worked, and all applicable rates of pay.

33.   PLAINTIFF's claims are typical of the claims of the Class Members in this action, because: (a) PLAINTIFF was improperly classified as Independent Contractors (b) PLAINTIFF's job position and duties are similar, if not identical to, the duties and activities of other Class Members; (c) PLAINTIFF was similarly deprived of earned overtime compensation for off-the-clock work as other Class Members; (d) PLAINTIFF was similarly denied the right to payment of at least the legally-mandated minimum wage for all hours worked as other Class Members; (e) PLAINTIFF was denied the same meal- and rest-periods, including additional compensation for missed meal and rest breaks, as other Class Members; (f) PLAINTIFF was similarly not given accurate, itemized wage statements required by the Labor Code as other Class Members; (g) PLAINTIFF was

similarly not paid all of their earned wages within the time limits prescribed by the Labor Code as other Class Members; and (h) PLAINTIFF was denied the foregoing rights and benefits provided under California's employment laws and regulations in the same manner that such rights and benefits were denied to other Class Members.

34.     It is by now common knowledge that employees face great risks in pursuing separate actions. For these and other reasons, a class action is superior to other methods for the fair and efficient adjudication of this controversy. Individual wage-and-hour actions are expensive in terms of attorneys' fees and litigation costs, the great majority of Class Members are unlikely to find attorneys to represent them in such actions, and the Class Members would find it difficult, if not impossible, to afford to pay hourly fees to attorneys for such actions.

35.     Moreover, administrative proceedings are by no means an adequate or appropriate remedy against Defendants' wage-and-hour violations. Among other limitations in administrative proceedings, for example, there is limited discovery permitted, and limited relief available, in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees are usually not, and are not afforded counsel by the Labor Commissioner; no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there are attorneys' fees statutes in favor of the plaintiff; administrative relief is limited to a shorter statute of limitations than is available in this action under California Business and Professions Code sections 17200 *et seq.*; and any decision made by the Labor Commission is subject to trial *de novo* in the court, and thus would be very wasteful of time, costs, and other resources.

36.     PLAINTIFF can adequately represent the interests of the Class Members because, like them, PLAINTIFF was employed by DEFENDANTS to work as drivers throughout DEFENDANTS' California facilities, and PLAINTIFF suffered the same or similar injuries as other Class Members as a

1  result of DEFENDANTS' repeated failures to comply with the applicable
2  California employment laws and regulations governing the provision of overtime
3  compensation; minimum-wage compensation; meal- and rest-period benefits,
4  including premium wages for missed meal and rest breaks; timely payment of
5  wages; and recordkeeping requirements.

6      37.    Furthermore, PLAINTIFF has retained counsel who are experienced
7  in prosecuting employment actions, including wage-and-hour class actions.
8  PLAINTIFF and his counsel are committed to vigorously prosecuting this action
9  on behalf of the class, and have the financial resources necessary to do so.

10                        **FIRST CAUSE OF ACTION**

11      **Failure to Pay Overtime Compensation in Violation of the FLSA**

12                        (29 U.S.C. §§ 201 et. seq)

13      38.    PLAINTIFF, on behalf of himself and the collective class, alleges
14  and incorporates by reference the allegations in the preceding paragraphs.

15      39.    Plaintiff consents in writing to be a party to this action, pursuant to
16  29 U.S.C.§ 216 (b). Plaintiff's written consent form is attached hereto as "**Exhibit**
17  **A**." Plaintiff anticipates that other individuals will continue to sign consent forms
18  and join as plaintiffs.

19      40.    At all relevant times, Defendants have been, and continue to be,
20  "employers" engaged in interstate commerce and/or the production of goods for
21  commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant
22  times, Defendants have employed and continue employ employees, which has
23  included Plaintiff and the Collective class. At all relevant times, upon information
24  and belief, Defendants have had gross operating revenues in excess of $500,000.

25      41.    The FLSA requires each covered employer, such as Defendants, to
26  compensate all non-exempt employees at a rate of not less than one and one-half
27  the times the regular rate of pay for work performed in excess of forty hours per
28  work week.

42.     During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

43.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 206, 207, and 216(b).

45.     The allegations are within the statute of limitations as laid out in 29 U.S.C. § 255(a).

46.     Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated, damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

47.     Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

## **SECOND CAUSE OF ACTION**

### **For Failure to Pay Overtime**

(Cal. Lab. Code §§ 510 & 1194; 8 Cal. Code Regs. § 11050, ¶ 3)

48.     PLAINTIFF, on behalf of himself and the California class, alleges

1  and incorporates by reference the allegations in the preceding paragraphs.

2       49.    Pursuant to section 510 of the California Labor Code, employers in

3  California are required to pay their non-exempt employees "one and one-half

4  times the regular rate of pay" for any work in excess of 8 hours per day, and

5  "twice the regular rate of pay" for any work in excess of 12 hours per day.

6  Similarly, paragraph 3 of Wage Order 5-2001 requires employers in California to

7  pay a non-exempt employee "one and one-half (1½) times such employee's

8  regular rate of pay" for work in excess of 8 hours, but not more than 12 hours, per

9  day, and "[d]ouble the employee's regular rate of pay" for all work in excess of 12

10  hours per day.

11       50.    As alleged herein, Class Members, including PLAINTIFF, are not

12  exempt from these overtime requirements of the California Labor Code and Wage

13  Order 5-2001.

14       51.    As described herein, DEFENDANTS unlawfully deprived

15  PLAINTIFF and other Class Members of earned overtime compensation for the

16  off-the-clock work compelled by DEFENDANTS. DEFENDANTS misclassified

17  PLAINTIFF as an Independent Contractors.

18       52.    Under DEFENDANTS' unlawful policy and practice, PLAINTIFF

19  and other Class Members were denied meal periods and, as such, made to

20  regularly work during those ostensible meal periods. Additionally, PLAINTIFF

21  and other Class Members routinely worked in excess of 8 hours in a day, and

22  oftentimes in excess of 12 hours in a day, without the payment of earned overtime

23  for such work. Indeed, per DEFENDANTS' policy and practice, as described

24  herein, PLAINTIFF and other Class Members were not paid any wages at all for

25  such work.

26       53.    Based on DEFENDANTS' conduct, as alleged herein,

27  DEFENDANTS are liable to the Class Members, including PLAINTIFF, for

28  unpaid overtime compensation, in amounts to be proven at trial, plus interest

1   thereon, and attorneys' fees and costs, pursuant to California Labor Code sections

2   510 and 1194, and Wage Order 5-2001.

3                              **THIRD CAUSE OF ACTION**

4        **For Failure to Pay At Least Minimum Wage for All Hours Worked**

5        (Cal. Lab. Code §§ 223, 1194, 1194.2 & 1197; 8 Cal. Code Regs. § 11050,

6                                        ¶ 4)

7        54.    PLAINTIFF, on behalf of himself and the California class, alleges

8   and incorporates by reference the allegations in the preceding paragraphs.

9        55.    Under section 1197 of the California Labor Code, and paragraph 4 of

10  Wage Order 5-2001, employers in California are required to pay employees at

11  least the set minimum wage for each hour an employee works, in amounts set by

12  state law. Labor Code section 1194 provides that any employee who has not been

13  paid the legal minimum wage, as required by Labor Code section 1197 and the

14  applicable Wage Order, may recover the unpaid balance, including interest

15  thereon, plus attorneys' fees and costs of suit. Additionally, Labor Code section

16  1194.2 provides that the employee shall be entitled to recover liquidated damages

17  against the offending employer for the minimum-wage violations, in an amount

18  equal to the wages unlawfully unpaid, plus interest thereon.

19       56.    Further, as a result of Defendants' improper policy and/or practice of

20  compelling Class Members, including PLAINTIFF, to perform off-the-clock

21  work, during ostensible meal periods Class Members were not actually able to

22  take, and DEFENDANTS have repeatedly failed to pay PLAINTIFF and other

23  Class Members any compensation at all for each hour worked beyond the 8-hours.

24  As such, DEFENDANTS have failed to pay PLAINTIFF and the other Class

25  Members the minimum wages to which these employees are entitled, under Labor

26  Code section 1197 and Wage Order 5-2001, for each hour the employee worked

27  beyond 8 hours in a day. [*See* Cal. Lab. Code §§ 221 – 223 & 1197; *Armenta v.*

28  *Osmose, Inc.* (2005) 135 Cal.App.4th 314, 321-24; *see also* Division of Labor

_____
COMPLAINT FOR DAMAGES
15

1   Standards Enforcement (DLSE) Enforcement Policies and Interpretations Manual,

2   § 44.1.5 – 44.2.2.1 (2002).]

3      57.     Based on DEFENDANTS' conduct, as alleged herein,

4   DEFENDANTS are liable to the Class Members, including PLAINTIFF, for

5   unpaid minimum-wage compensation, in amounts to be proven at trial, plus

6   interest thereon, and attorneys' fees and costs, pursuant to Labor Code sections

7   1194 and 1197, and Wage Order 5-2001. In addition, DEFENDANTS are liable to

8   PLAINTIFF and other Class Members for liquidated damages, in amounts to be

9   proven at trial, pursuant to Labor Code section 1194.2.

10                **FOURTH CAUSE OF ACTION**

11            **For Failure to Pay Wages for Missed Meal Periods**

12            (Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11050, ¶ 11)

13     58.     PLAINTIFF, on behalf of himself and the California class, alleges

14   and incorporates by reference the allegations in the preceding paragraphs.

15     59.     At all times relevant to this action, DEFENDANTS' policy and

16   practice routinely denied Class Members, including PLAINTIFF, the opportunity

17   to take: (i) an uninterrupted, off-duty meal period of at least 30 consecutive

18   minutes in duration for all delivery shifts in excess of 5 hours, and (ii) a second,

19   uninterrupted, off-duty meal period of at least 30 consecutive minutes in duration

20   for all delivery shifts in excess of 10 hours, in violation of Labor Code sections

21   226.7(b) and 512, and paragraph 11 of Wage Order 5-2001.

22     60.     As described herein, DEFENDANTS misclassified PLAINTIFF as

23   an Independent Contractor. Further, DEFENDANTS' repeated failures and/or

24   refusals to allow PLAINTIFF and other Class Members the opportunity to take

25   mandated meal periods resulted from DEFENDANTS' policy and/or practice of

26   compelling these drivers to work through ostensible meal periods in order to

27   satisfy the excessive workloads imposed by DEFENDANTS.

28     61.     Under paragraph 11 of Wage Order 5-2001, employers in California

_____

COMPLAINT FOR DAMAGES

must pay their employees an additional hour of wages for each shift in which an employee is denied the opportunity to take a mandated meal period. California Labor Code section 226.7(c) likewise requires employers to pay employees an additional hour of compensation for every shift in which an employee is denied the opportunity to take a meal period mandated by the Labor Code or any Wage Order of the California Industrial Welfare Commission.

62.     At all times relevant herein, DEFENDANTS have failed and/or refused to provide Class Members, including PLAINTIFF, with the additional compensation owed for each shift in which the employee was denied the opportunity to take a mandated meal break, as required by Labor Code sections 226.7(c) and 512, and Wage Order 5-2001.

63.     Based on DEFENDANTS' conduct, as alleged herein, DEFENDANTS are liable to the Class Members, including PLAINTIFF, for unpaid additional premium wages earned for missed meal periods, in amounts to be proven at trial, pursuant to California Labor Code section 226.7(c) and Wage Order 5-2001, plus interest thereon, and attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### For Failure to Pay Wages for Missed Rest Periods

(Cal. Lab. Code § 226.7; 8 Cal. Code Regs. § 11050, ¶ 12)

64.     PLAINTIFF, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

65.     At all times relevant to this action, DEFENDANTS' policy and/or practice routinely denied Class Members, including PLAINTIFF, the opportunity to take an uninterrupted, off-duty rest period, of at least 10 consecutive minutes in duration, for every 4 hours worked, or major fraction thereof, in violation of Labor Code section 226.7(b) and paragraph 12 of Wage Order 5-2001.

66.     As described herein, DEFENDANTS misclassified PLAINTIFF as

an Independent Contractors. Further, DEFENDANTS' repeated failures and/or refusals to allow Class Members, including PLAINTIFF, the opportunity to take mandated rest periods resulted from DEFENDANTS' policy and/or practice of compelling these drivers to work through and/or forego mandated rest periods, in order to satisfy the excessive workloads imposed by Defendants.

67.     Under paragraph 12 of Wage Order 5-2001, employers in California must pay their employees an additional hour of wages for each shift in which an employee is denied the opportunity to take a mandated rest period. California Labor Code section 226.7(c) likewise requires employers to pay employees an additional hour of compensation for every shift in which an employee is denied the opportunity to take a rest break mandated by the Labor Code or any Wage Order of the California Industrial Welfare Commission.

68.     At all times relevant herein, DEFENDANTS have failed and/or refused to provide Class Members, including PLAINTIFF, the additional compensation owed for each shift in which the employee was denied the opportunity to take a mandated rest break, as required by Labor Code sections 226.7(c) and 512, and Wage Order 5-2001

69.     Based on DEFENDANTS' conduct, as alleged herein, DEFENDANTS are liable to the Class Members, including PLAINTIFF, for unpaid additional premium wages earned for missed rest periods, in amounts to be proven at trial, pursuant to California Labor Code section 226.7(c) and Wage Order 5-2001, plus interest thereon, and attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5.

## <u>SIXTH CAUSE OF ACTION</u>

### **For Failure to Keep and Furnish Accurate Wage Statements**

(Cal. Lab. Code § 226)

70.     PLAINTIFF, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

71.    As described herein, DEFENDANTS misclassified PLAINTIFF as an Independent Contractors. As a result of DEFENDANTS' pattern and practice of misclassifying employees, and subsequently failing and/or refusing to pay Class Members, including PLAINTIFF, all accrued wages, as described herein, DEFENDANTS have further failed to furnish PLAINTIFF and other Class Members with itemized wage statements that accurately reflect the amount of hours actually worked by these employees, all of their applicable rates of pay, and the amounts of overtime, minimum-wage and missed-break compensation earned by these employees, for each pay period, as required by California Labor Code section 226(a) and paragraph 7 of Wage Order 5-2001.

72.    As a result of DEFENDANTS' repeated failures and/or refusals to pay Class Members, including PLAINTIFF, all of their accrued wages, as described herein, DEFENDANTS have also failed to maintain records of itemized wage statements that accurately reflect the amount of hours actually worked by these employees, all of their applicable rates of pay, and the amounts of overtime, minimum-wage and missed-break compensation earned by these employees, for each pay period, as required by California Labor Code section 226(a) and paragraph 7 of Wage Order 5-2001.

73.    DEFENDANTS' repeated failures to maintain and furnish records of accurate, itemized wage statements resulted in injury to Class Members, including PLAINTIFF, as said failures engendered confusion and facilitated the non-payment of Class Members' earned overtime, minimum-wage and missed-break compensation. The absence of required information in DEFENDANTS' deficient wage statements engendered confusion over whether Class Members, including PLAINTIFF, were each paid all of their earned wages, and thus served to mislead and/or deter Class Members, including PLAINTIFF, from challenging the propriety of wage payments made by DEFENDANTS, in light of the difficulty in attempting to reconstruct time and pay records in the face of DEFENDANTS'

deficient recordkeeping. Hence, the absence of essential information, required by state law to appear in the employee wage statements, caused actual injuries to PLAINTIFF and the other Class Members.

74.    On information and belief, PLAINTIFF alleges that DEFENDANTS' above-described failures to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional, and were done to confuse and mislead Class Members, including PLAINTIFF, as to the true compensation to which each of them was entitled under the law.

75.    Based on DEFENDANTS' conduct, as alleged herein, DEFENDANTS are liable to Class Members, including PLAINTIFF, for the applicable statutory penalties provided for under California Labor Code section 226(e), for Defendants' violations, in addition to recovery of costs and reasonable attorneys' fees pursuant to California Labor Code section 226, subdivisions (e)(1) and (h).

## SEVENTH CAUSE OF ACTION
### For Waiting Time Penalties
(Cal. Lab. Code §§ 201, 202 & 203)

76.    PLAINTIFF, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

77.    As described herein, DEFENDANTS misclassified PLAINTIFF as an Independent Contractors. Further, DEFENDANTS have failed and/or refused to pay Class Members formerly employed by DEFENDANTS (i.e., the members of the proposed Labor Code Section 203 Subclass), including PLAINTIFF, all of their earned overtime, minimum-wage and missed-break compensation. As a result of such failures and/or refusals, DEFENDANTS have failed to pay said employees all earned wages within the time limits prescribed by California Labor Code sections 201 and 202, which respectively apply to instances where a former employees resigns or is discharged.

78.    Based on DEFENDANTS' foregoing conduct, DEFENDANTS are liable, to PLAINTIFF and other Class Members formerly employed by DEFENDANTS, for the statutory penalties provided for under California Labor Code section 203.

## EIGHTH CAUSE OF ACTION

### For Unfair Competition

(Cal. Bus. & Prof. Code §§ 17200 et seq.)

79.    PLAINTIFF, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

80.    As described herein, DEFENDANTS misclassified PLAINTIFF as Independent Contractors instead of non-exempt employees. Additionally, DEFENDANTS have violated California law as alleged herein by, *inter alia*: (i) failing and/or refusing to pay Class Members, including PLAINTIFF, all overtime compensation earned for work in excess of 8 hours in a day; (ii) failing and/or refusing to pay Class Members, including PLAINTIFF, at least the legally-mandated minimum wage for each hour worked; (iii) depriving Class Members, including PLAINTIFF, of their mandated meal and rest breaks; (iv) failing and/or refusing to pay Class Members, including PLAINTIFF, the premium wages earned for missed meal or rest breaks; (v) failing and/or refusing to provide Class Members, including PLAINTIFF, with all accrued wages within the time limits prescribed by California Labor Code section 201, 202 and 204; and (vi) failing to properly maintain and furnish to Class Members, including PLAINTIFF, itemized wage statements that accurately reflect actual work hours worked by, all applicable rates of pay for, and all accrued wages owed to such Class Members.

81.    On information and belief, PLAINTIFF allege that DEFENDANTS have also engaged in other acts which constitute unlawful business practices. PLAINTIFF will seek leave to amend this Complaint to allege these additional acts as may be disclosed by discovery.

82.     As a result of DEFENDANTS' acts and omissions, as described herein, DEFENDANTS have been able to take advantage of the long work hours of the Class Members without payment of earned overtime, minimum-wage and missed-break compensation, for DEFENDANTS' own profit and to the detriment of their employees. With respect to the operation of its business vis-à-vis competitors, DEFENDANTS, by unduly minimizing costs, unfairly competes with similar businesses in the State of California, in violation of the California Business and Professions Code, sections 17200 *et seq.*

83.     An injunction should be issued to stop DEFENDANTS' unlawful business practices. If DEFENDANTS are not enjoined from the conduct set forth herein, they will continue to deprive Class Members of earned overtime compensation; continue to fail to pay Class Members at least the minimum wage for each hour worked; continue to fail to provide Class Members with the meal and rest periods required by California law; continue to fail to pay Class Members the premium wages owed for missed meal and rest periods; continue to fail to provide Class Members with all accrued wages and compensation within the time limits prescribed by the California Labor Code; and continue to fail to properly maintain and furnish to Class Members itemized wage statements accurately reflecting actual hours worked and all accrued wages owed to such employees. Thus, there is threatened future harm and/or continuing violations, which justifies injunctive relief.

84.     PLAINTIFF, therefore, request that the Court issue a preliminary and permanent injunction:

      i.    Ordering DEFENDANTS to cease and desist from further misclassifying Class Members as Independent Contractors;

      j.    Ordering DEFENDANTS to cease and desist from the illegal overtime policy and/or practice, described herein, that deprives Class Members of earned overtime and minimum-wage

1    compensation;

2    k.    Ordering DEFENDANTS to pay all Class Members, including

3          PLAINTIFF, the overtime compensation owing to them under

4          California Labor Code section 510 and Wage Order 5-2001;

5    l.    Ordering DEFENDANTS to cease and desist from their policy

6          and/or practice whereby Class Members are denied the meal

7          and rest periods required by California law; and

8    m.    Ordering DEFENDANTS to pay all Class Members, including

9          PLAINTIFF, the premium wages owed to them, under

10         California Labor Code section 226.7 and Wage Order 5-2001,

11         for missed meal and rest periods.

12    85.    PLAINTIFF further requests an Order requiring DEFENDANTS to

13    disgorge and restore to Class Members, including PLAINTIFF, any and all

14    additional compensation presently owing to them under the California Labor Code

15    and/or Wage Order 5-2001, that have thus far been wrongfully withheld by

16    DEFENDANTS.

17

18                              **PRAYER FOR RELIEF**

19    WHEREFORE, PLAINTIFF prays that the Court award relief as follows:

20    1.    Unpaid wages and compensation, and statutory penalties, according

21    to proof;

22    2.    Restitution of all compensation due, including but not limited to

23    unpaid wages and interest, as a result of Defendants' unlawful and unfair business

24    practices, according to proof;

25    3.    Preliminary and permanent injunctions enjoining and restraining

26    Defendants from continuing the unfair and unlawful business practices set forth

27    above, and requiring the establishment of appropriate and effective means to

28    prevent future violations, including but not limited to, the maintenance of records

that comply with California Labor Code sections 226 and 1174, and the applicable Wage Orders;

    4.      Declaratory relief;

    5.      Liquidated damages pursuant to section 1194.2 of the California Labor Code, for Defendants' violations of the minimum-wage provisions of California Labor Code section 1197 and Wage Order 5-2001, according to proof;

    6.      Reasonable attorneys' fees and costs, pursuant to, *inter alia*, California Labor Code sections 218.5, 226, 1194 and 2699, and California Code of Civil Procedure section 1021.5;

    7.      Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, *inter alia*, California Labor Code sections 218.6, 1194 and 1194.2, and California Civil Code sections 3287 and 3288;

    8.      Civil penalties pursuant to California Labor Code sections 210, 226.3, 558, 1174.5, 1197.1 and 2699, subdivisions (a) and (f), for Defendants' violations of the California Labor Code and IWC Wage Order 5-2001, according to proof; and

    9.      Such other and further relief as the Court deems just and proper.

DATED: October 12, 2020        SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP

                           */s/Wilmer J. Harris*

                  By: _____

                        Wilmer J. Harris
                        Michael M. Seplow
                        Sarah L. Dawley
                        Attorneys for Plaintiff Matthew Ferrer, and other similarly situated individuals

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

DATED: October 12, 2020     SCHONBRUN SEPLOW HARRIS
                            HOFFMAN & ZELDES LLP

                                */s/Wilmer J. Harris*

                            By: _____
                                    Wilmer J. Harris
                                    Michael M. Seplow
                                    Sarah L. Dawley
                            Attorneys for Plaintiff Matthew Ferrer, and
                            other similarly situated individuals

# EXHIBIT A

1

**CONSENT FORM AND DECLARATION**

2     I hereby consent to join a lawsuit against Capay Incorporated dba Farm

3  Fresh ("Farm Fresh") and The Wolf Logistics LLC ("Wolf") (collectively

4  "Defendants") as a Plaintiff to assert claims against them for violations of wage

5  and hours laws of the United States and/or the State of California for Defendants.

6  During my employment with Defendants, I was wrongly classified as an

7  independent contractor and denied minimum wage and/or overtime compensation.

8

9     I worked for Defendants as a delivery driver.

10

11     Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the

12  foregoing is true and correct to the best of my knowledge, information, and belief.

13

14  

Signature          Date

15

16    Matthew Ferrer.

17  Print Name

18

19

20

21

22

23

24

25

26     Vernon , CA

Location(s) Worked (City/State)

27

28

---

**CONSENT AND DECLARATION**